```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
                                     :
  UNITED STATES OF AMERICA           :
                                     :
          - v. -                     :    SUPERSEDING INFORMATION
                                     :
                                     :    S10 20 Cr. 160 (MKV)
  MARCOS ZULUETA,                    :
                                     :
                    Defendant.       :
                                     :
- - - - - - - - - - - - - - - - - - X
```

**COUNT ONE**
**(Drug Adulteration and Misbranding)**

The United States Attorney charges:

1. From at least in or about 2019 through at least in or about March 2020, in the Southern District of New York and elsewhere, MARCOS ZULUETA, the defendant, with the intent to defraud and mislead, in interstate commerce, adulterated and misbranded drugs, and caused the adulteration and misbranding of drugs in interstate commerce, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(b) and 333(a)(2), to wit, ZULUETA misled and deceived state and federal drug regulators with respect to the distribution, purchase, and receipt of various misbranded and adulterated performance enhancing drugs, and the use of such misbranded and adulterated drugs to improve the performance of

thoroughbred racehorses under ZULUETA's and others' custody and care.

(Title 21, United States Code, Sections 331, 333(a)(2); and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

2. As a result of committing the offense charged in Count One of this Information, MARCOS ZULUETA, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461, any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this title, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property.

### Substitute Asset Provision

3. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;
    b. Has been transferred or sold to, or deposited with, a third person;
    c. Has been placed beyond the jurisdiction of the Court;
    d. Has been substantially diminished in value; or

      e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

    (Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.)

                                      _____ /kg/aca
                                      DAMIAN WILLIAMS
                                      United States Attorney

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**MARCOS ZULUETA,**

Defendant.

### INFORMATION

S10 20 Cr. 160 (MKV)

(21 U.S.C. § 331, 333(a)(2); 18 U.S.C. § 2.)

Damian Williams
United States Attorney.