LAF1ZULP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                v.                         20 Cr. 160 (MKV)

5   MARCOS ZULUETA,

6                    Defendant.            Remote Plea
    ------------------------------x

7                                          October 15, 2021
8                                          10:18 a.m.

9

    Before:
10
                        HON. MARY KAY VYSKOCIL,
11
                                           District Judge
12

13                            APPEARANCES

14  A. DAMIAN WILLIAMS
         United States Attorney for the
15       Southern District of New York
    BY:  SARAH MORTAZAVI, ESQ.
16       Assistant United States Attorney

17  ROBERT E. GOLDMAN LLC
         Attorneys for Defendant
18  BY:  ROBERT E. GOLDMAN, ESQ.

19  ALSO PRESENT:  CRISTINA WEISZ, Standby Interpreter (Spanish)

20

21

22

23

24

25

LAF1ZULP

| | |
|---|---|
| 1 | (Case called) |
| 2 | THE DEPUTY CLERK:  Good morning, your Honor. |
| 3 | THE COURT:  Good morning, Ms. Dempsey. |
| 4 | THE DEPUTY CLERK:  Counsel, starting with the |
| 5 | government, please state your names for the record. |
| 6 | MS. MORTAZAVI:  Good morning, your Honor.  This is |
| 7 | Sarah Mortazavi for the government. |
| 8 | THE COURT:  Good morning, Ms. Mortazavi. |
| 9 | MR. GOLDMAN:  Good morning, your Honor.  Robert |
| 10 | Goldman on behalf of Mr. Zulueta. |
| 11 | THE COURT:  All right.  Good morning, Mr. Goldman. |
| 12 | And is Mr. Zulueta with you? |
| 13 | MR. GOLDMAN:  Yes, your Honor, right next to me, if |
| 14 | you can see him on the screen.  We had some problems with our |
| 15 | computer, so -- |
| 16 | THE COURT:  I know.  I've been waiting. |
| 17 | MR. GOLDMAN:  I know.  I've never had it happen, your |
| 18 | Honor.  Sorry. |
| 19 | THE COURT:  All right.  I can see you but I cannot see |
| 20 | Mr. Zulueta. |
| 21 | Good morning, Mr. Zulueta. |
| 22 | THE DEFENDANT:  Good morning, your Honor. |
| 23 | THE COURT:  All right.  So we're here today for a |
| 24 | change of plea hearing in this matter.  I'm told that |
| 25 | Mr. Zulueta wishes to plead guilty.  Do I understand, though, |

LAF1ZULP

| 1 | Mr. Zulueta, that you need the services of an interpreter?

2              THE DEFENDANT:  (In English) Yes, your Honor.

3              THE COURT:  All right.  And we do have an interpreter

4    with us, correct, Ms. Weisz?

5              THE DEFENDANT:  (In English) Yes, your Honor.

6              THE INTERPRETER:  Yes, your Honor.

7              THE COURT:  All right.  Good morning, Ms. Weisz.

8    Thank you for being with us.

9              THE INTERPRETER:  My pleasure, your Honor.

10             THE COURT:  Thank you.

11             So counsel is appearing before me today by

12   videoconference, as is the defendant.  Let me just confirm with

13   everyone that you can hear me clearly and hear and see one

14   another clearly.

15             Ms. Mortazavi?

16             MS. MORTAZAVI:  Yes, your Honor.  I can see and hear

17   all the parties clearly.

18             THE COURT:  Okay.  Thank you.

19             Mr. Goldman.

20             MR. GOLDMAN:  Yes, your Honor.  We can also.

21             THE COURT:  All right.  And Mr. Zulueta, can you see

22   and hear --

23             THE DEFENDANT:  (In English) Yes.

24             THE COURT:  -- me and the counsel for the government

25   clearly?

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  All right.  Mr. Zulueta, most importantly

3    you, if at any time you cannot hear or see any of the

4    participants or if you do not understand me clearly, please

5    stop me and either I'll try to explain to you more clearly or I

6    will give you an opportunity to speak with Mr. Goldman.  Will

7    you do that, please?

8          THE DEFENDANT:  (In English) Yes, your Honor.

9          THE COURT:  All right.  And if at any point, for any

10   reason, you wish to speak with your lawyer, Mr. Goldman, just

11   let me know that and we will arrange for you to speak in

12   private.

13         THE DEFENDANT:  (In English) Yes, your Honor.

14         THE COURT:  All right.  So we remain subject to

15   restrictions, obviously, as a result of COVID-19, and I am

16   therefore conducting this proceeding remotely pursuant to the

17   authority provided by Section 15002 of the CARES Act, and by

18   standing orders issued by our Chief Judge pursuant to that act.

19         Can each of you mute your lines if you're not

20   addressing the Court, because I'm getting feedback.  Thank you.

21         All right.  The CARES Act provides that the Court may

22   conduct a felony plea proceeding by videoconference when the

23   Chief Judge of the district orders that proceedings cannot be

24   conducted in person without seriously jeopardizing public

25   health and safety, and when the district judge in a particular

LAF1ZULP

1    case -- here, that is me -- finds for specific reasons that the

2    plea hearing in that case cannot be further delayed without

3    serious harm to the interests of justice.  By standing order

4    dated September 15, 2021, Chief Judge Laura Taylor Swain found

5    that felony pleas cannot be conducted in person without

6    seriously jeopardizing public health.

7           Prior to today's hearing, I received from the

8    government an application supported by an affirmation, I

9    believe of you, Ms. Mortazavi, but it may have been Mr. Adams.

10   Let me just check.

11          MS. MORTAZAVI:  I believe I submitted the unsealed

12   affirmation, your Honor.

13          THE COURT:  Okay.  That's what I thought, that there

14   had been a change.  All right.  Thank you.

15          So as I say, I received an application supported by an

16   affirmation of Ms. Mortazavi and a proposed order asking that

17   the plea proceeding for Mr. Zulueta not be delayed and that we

18   proceed remotely.  I'll get in a moment to the consents that

19   I've received and the waiver of personal presence that I

20   received from Mr. Zulueta.  That application tells me that the

21   defendant consents to proceeding and not delaying today's plea

22   proceeding.  It tells me that your interest, Mr. Zulueta, in

23   expeditiously resolving the charges against you while avoiding

24   the risks related to the COVID-19 pandemic, particularly given

25   the fact that this case has been pending for over 18 months,

LAF1ZULP

1    constitutes specific reasons that the proceedings should not be

2    delayed.

3              The Court does also find that the interests of

4    judicial economy and avoiding the backlog that would result in

5    cases in the federal system if we did not proceed is a further

6    specific reason justifying not delaying this proceeding.

7              Mr. Goldman, let me ask you, do you have any

8    additional reasons that you wish to put on the record in

9    support of not delaying the proceeding?  And do you in fact

10   consent to proceeding today?

11             Now you have to unmute, sir.

12             MR. GOLDMAN:  I'm sorry.  Your Honor, I have nothing

13   else to add, and we've discussed it, and we certainly consent

14   to these proceedings being conducted in this fashion.

15             THE COURT:  All right.  We're not talking about in

16   this fashion right now; we're talking about whether we should

17   delay and wait until we can do the proceeding in person.

18   That's the first issue we're dealing with.

19             MR. GOLDMAN:  No, we should not delay.

20             THE COURT:  All right.  The Court does find, for the

21   reasons set forth in the application by the government, that

22   this proceeding cannot and should not be delayed without

23   substantial harm to the interests of justice.

24             Now in terms of the manner of how we're proceeding, I

25   received, in advance of today's hearing, two documents.  The

LAF1ZULP

first is a waiver of Mr. Zulueta's right to appear before me in open court for entry of a plea, and the second is a consent to proceed by videoconference with today's plea proceeding.

Mr. Goldman, would you for the record please describe to me how you provided these documents to Mr. Zulueta.  Did you explain to him that he has a right to appear before me in open court for today's proceeding?  Do you believe, based on your conversation with him, that he understood his right to appear before me in open court, and that he is voluntarily and willingly giving up that right?  When you met with him --

MR. GOLDMAN:  Yes, your Honor.

THE COURT:  Hold on.  -- did you require the services of an interpreter?  And how did you obtain his signature on these documents?

Mr. Zulueta, I'm going to ask you some questions after I hear from Mr. Goldman, so please listen carefully to his responses.

MR. GOLDMAN:  Yes, your Honor.

First, your Honor, I first forwarded it via email to my client and discussed it with him remotely.  Mr. Zulueta and I can communicate in English.  We had the translator services today because there will be some legal terms here, etc., and to avoid any difficulty with those issues, that's why we requested the translator to be available.  Also, I obtained his signature, which then was sent back to me, which I forwarded on

LAF1ZULP

1    to the prosecutors.  My client has been here for about an hour

2    and a half before these proceedings.  We then went over this

3    document again in person.  He totally understands his rights.

4    He waives his right to be present before this Court, and I have

5    no doubt that he understands what he's agreed to and requested.

6             THE COURT:  All right.  Thank you, Mr. Goldman.

7             Is that your signature, Mr. Goldman, on the waiver of

8    the right to be present at a criminal proceeding?

9             MR. GOLDMAN:  It is, your Honor.

10            THE COURT:  And is that your signature on the Consent

11   to Proceed by Videoconference?

12            MR. GOLDMAN:  It is, your Honor.

13            THE COURT:  And did you make the change or approve the

14   change striking the word "misdemeanor" plea and inserting that

15   this is in fact a felony plea?

16            MR. GOLDMAN:  Yes, your Honor.  That was prepared by

17   the AUSA, and --

18            THE COURT:  Yes.

19            MR. GOLDMAN:  -- it's always been our understanding

20   that we're pleading to a felony.

21            THE COURT:  All right.  That's what I wanted to

22   confirm.

23            All right.  Mr. Zulueta, do you have a copy of these

24   forms in front of you?

25            THE DEFENDANT:  (In English) Yes, your Honor.

LAF1ZULP

1      THE COURT:  All right.  I want to confirm, is that
2  your signature on the Waiver of the Right to be Present at a
3  Criminal Proceeding, the first page?

4      THE DEFENDANT:  (In English) Yes, your Honor.

5      THE COURT:  And do you understand that you do have a
6  right to appear before me in open court, where I am right now,
7  to enter your plea in this case?

8      THE DEFENDANT:  (In English) Yes, your Honor.

9      THE COURT:  Did you read this form before you signed
10 it and did you discuss with your lawyer your rights and whether
11 it's in your best interest to waive those rights?

12     THE DEFENDANT:  (In English) I read -- I read, I
13 discussed with my lawyer.

14     THE COURT:  Okay.  And do you in fact waive your right
15 to appear before me in open court and instead consent to
16 proceed today by videoconference?

17     THE DEFENDANT:  (In English) Yes, your Honor.

18     THE COURT:  All right.  Thank you.

19     And is that your signature on the second document,
20 Mr. Zulueta, that's labeled Consent to Proceed by
21 Videoconference?

22     THE DEFENDANT:  (In English) Yes, your Honor.

23     THE COURT:  And do you understand that the charge to
24 which I'm told you wish to plead guilty is in fact a felony
25 charge, not a misdemeanor charge?

LAF1ZULP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  All right.  I do find that Mr. Zulueta

3    understands his right to appear before me in open court and

4    that he has knowingly and voluntarily waived that right and

5    consents to instead proceed today by videoconference.  I will

6    sign each of the Waiver of the Right to be Present at Criminal

7    Proceedings and the Consent to Proceed by Videoconference, and

8    those will be filed on the docket in this case.

9          Now as I say, I'm informed that defendant has an

10   application to withdraw his plea of not guilty which was

11   previously entered and that pursuant to an agreement with the

12   government, he intends to waive indictment and enter a plea of

13   guilty to a one-count superseding information numbered S9 in

14   Case No. 20 Cr. 160.

15         Count One of the superseding information which has

16   been provided to the Court charges the defendant with drug

17   adulteration and misbranding, in violation of Title 21 United

18   States Code Sections 331 and 333(a)(2).  In particular, the

19   government alleges that from at least in or about 2019 through

20   March of 2020, Mr. Zulueta misled and deceived state and

21   federal drug regulators with respect to the distribution,

22   purchase, and receipt of various misbranded and adulterated

23   performance-enhancing drugs, and the use of such misbranded and

24   adulterated drugs to improve the performance of thoroughbred

25   racehorses under Mr. Zulueta's care and custody and under the

LAF1ZULP

1    care and custody of others.

2                Mr. Goldman, is that in fact consistent with your

3    understanding?

4                MR. GOLDMAN:  It is, your Honor.

5                THE COURT:  Mr. Zulueta, is that your understanding of

6    what we are doing today and the charge against you?

7                THE DEFENDANT:  (In English) Yes, your Honor.

8                THE COURT:  All right.  I have a copy of a --

9                MS. MORTAZAVI:  Pardon me, your Honor.

10               THE COURT:  Yes.

11               MS. MORTAZAVI:  I don't mean to interrupt.  I may have

12   misheard, but I thought you'd referred to the superseding

13   information as S9, and the copy I have is S10.  It's signed by

14   the U.S. Attorney Damian Williams.  And I just want to

15   confirm --

16               THE COURT:  Yes, it is S10.  Thank you very much.  I

17   think that when we were preparing -- did you submit one prior

18   to the change?

19               MS. MORTAZAVI:  We may have, your Honor, and we've had

20   a change in U.S. Attorney and updated the --

21               THE COURT:  Yes, I understand.  Thank you.  Thank you

22   very much.

23               Yes, the information is numbered S10.  My apologies.

24   And thank you, Ms. Mortazavi.

25               So I also have a copy of a letter dated September 23,

LAF1ZULP

```
 1   2021.  That has not been superseded, right, Ms. Mortazavi?

 2                  MS. MORTAZAVI:  That's correct, your Honor.  It's the

 3   September 23rd version.

 4                  THE COURT:  Okay.  All right.  So it's a six-page

 5   letter on the letterhead of the United States Department of

 6   Justice, the U.S. Attorney for the Southern District of New

 7   York, addressed to Mr. Goldman, In re United States v. Marcos

 8   Zulueta, and it is signed by Andrew Adams, approved by

 9   Alexander Wilson.  There's a line that indicates agreed and

10   consented to by Mr. Zulueta and approved by Mr. Goldman.  We'll

11   talk about that in a moment.  For now, I will simply mark this

12   as Government Exhibit 1.

13                  All right.  Mr. Zulueta, before I accept a guilty plea

14   from you, there are a number of questions that I need to ask

15   you while you are under oath, and I'm doing that to assure

16   myself that your plea is a valid plea.  I may at times cover a

17   point more than once.

18                  Did we just lose Mr. Goldman?

19                  THE DEFENDANT:  No.  We're here.

20                  THE COURT:  Okay.  All right.  I'm sorry.

21                  I may at times cover a point more than one time, and I

22   may cover certain points that were in various forms or

23   documents that you have signed.  If I do that, I'm doing so

24   because it's very important that you understand what's

25   happening today.
```

LAF1ZULP

1          If at any point you don't understand anything that I

2     ask you, I would request that you please say so and, as I said

3     before, I'll try to reword what I'm asking you or you have the

4     right to talk at any point in time with Mr. Goldman.  So will

5     you please do that if you don't understand, let me know?

6          THE DEFENDANT:  (In English) Yes, your Honor.

7          THE COURT:  All right.  Thank you.

8          Ms. Dempsey, would you please administer the oath to

9     Mr. Zulueta.

10          THE DEPUTY CLERK:  Yes, your Honor.

11          Mr. Zulueta, please raise your right hand.

12          (Defendant sworn)

13          THE DEPUTY CLERK:  Thank you.  Please state and spell

14     your name for the record.

15          THE DEFENDANT:  (In English) Marcos Zulueta.

16     M-A-R-C-O-S, Z-U-L-U-E-T-A.

17          THE COURT:  All right.  Thank you, Mr. Zulueta.

18          Can you tell me, sir, how old are you?

19          THE DEFENDANT:  (In English) 53.

20          THE COURT:  And how far did you go in school?

21          THE DEFENDANT:  (In English) I finished high school in

22     Cuba.

23          THE COURT:  I'm sorry.  You finished high school?

24          THE DEFENDANT:  (In English) Yeah, high school, in

25     Cuba; not in this country, in Cuba.

LAF1ZULP

1          THE COURT:  In Cuba, are you saying?

2          THE DEFENDANT:  (In English) Yes, yes.

3          THE COURT:  Mr. Goldman, can you please shift the

4    camera so that -- what I'm seeing right now is the wall between

5    the two of you and half of Mr. Zulueta, so if you could shift

6    the camera.  I don't really need to see you, Mr. Goldman, right

7    now.  It would be great if I could.  If you moved back a

8    little, I'd see both of you.  But it's most important for me to

9    see Mr. Zulueta.

10          MR. GOLDMAN:  Okay.  Do you see him now, your Honor?

11          THE COURT:  Yes, I do.  And as I say, Mr. Goldman, you

12    could move back and then I would see both of you.

13          MR. GOLDMAN:  Excellent idea, your Honor.

14          THE COURT:  That's fine.  But as I say, it's

15    Mr. Zulueta that I really need to see.  Thank you.

16          MR. GOLDMAN:  Yes, your Honor.

17          THE COURT:  All right.  Mr. Zulueta, we talked about

18    the fact that you requested the services of an interpreter

19    today.  Can you tell me, though, do you speak and understand

20    English at all?

21          THE DEFENDANT:  (In English) I understand most, but

22    sometimes when they use a different word, I don't understand,

23    so that's why I requested an interpreter.

24          THE COURT:  No issue and no problem, sir.  I just

25    wanted to put on the record the extent to which you do

LAF1ZULP

1  understand English.

2          Okay.  Are you, Mr. Zulueta, a citizen of the United

3  States?

4          THE DEFENDANT:  (In English) Yes, your Honor.

5          THE COURT:  And were you born here or are you a

6  naturalized citizen?

7          THE DEFENDANT:  (In English) I'm naturalized citizen.

8          THE COURT:  Okay.  Thank you.

9          Mr. Zulueta, are you now or have you recently been

10 under the care of a medical doctor?

11         THE DEFENDANT:  (In English) No.

12         THE COURT:  Are you now or have you recently been

13 under the care of a mental health professional?  And by that I

14 mean a psychiatrist, psychologist, therapist, social worker.

15         THE DEFENDANT:  (In English) No, your Honor.

16         THE COURT:  Have you ever been treated or hospitalized

17 for any mental illness?

18         THE DEFENDANT:  (In English) No, your Honor.

19         THE COURT:  Have you ever been treated or hospitalized

20 for any type of addiction, including drugs or alcohol

21 addiction?

22         THE DEFENDANT:  (In English) No, your Honor.

23         THE COURT:  Have you ever been addicted to drugs or to

24 alcohol?

25         THE DEFENDANT:  (In English) Addicted?  No, no, your

LAF1ZULP

1   Honor.

2          THE COURT:  In the past 24 hours have you taken any

3   drugs, any medication, any pills?

4          THE DEFENDANT:  (In English) No, your Honor.

5          THE COURT:  Have you had any alcohol to drink in the

6   past 24 hours?

7          THE DEFENDANT:  (In English) No, your Honor.

8          THE COURT:  Is your mind clear today?

9          THE DEFENDANT:  (In English) 100 percent, your Honor.

10         THE COURT:  Do you understand what we're doing?

11         THE DEFENDANT:  (In English) Yes, your Honor.

12         THE COURT:  Physically, do you feel well?  Do you feel

13  healthy today?

14         THE DEFENDANT:  (In English) Yes, your Honor.

15         THE COURT:  Are you represented by counsel,

16  Mr. Zulueta?  Do you have a lawyer?

17         THE DEFENDANT:  (In English) Yes.  Yes, your Honor.

18         THE COURT:  Who is your lawyer?

19         THE DEFENDANT:  (In English) Bob Goldman.

20         THE COURT:  And are you satisfied with Mr. Goldman's

21  representation of you in this matter?

22         THE DEFENDANT:  (In English) 100 percent.

23         THE COURT:  Do either counsel have any doubt as to

24  Mr. Zulueta's competence to plead at this time?  Ms. Mortazavi?

25         MS. MORTAZAVI:  No doubts, your Honor.

LAF1ZULP

1          THE COURT:  Mr. Goldman?

2          MR. GOLDMAN:  No doubts, your Honor.

3          THE COURT:  All right.  Mr. Zulueta, your lawyer has

4    told me that you wish to withdraw your plea of not guilty and

5    to enter a plea of guilty to a superseding information to be

6    filed in this case.  Is that what you wish to do?

7          THE DEFENDANT:  (In English) Yes, your Honor.

8          THE COURT:  You wish to enter a plea of guilty.

9          THE DEFENDANT:  (In English) Yes, your Honor.

10          THE COURT:  Have you fully discussed your case with

11    Mr. Goldman, including the charge to which you intend to plead

12    guilty and any possible defenses to that charge?

13          THE DEFENDANT:  (In English) Yes, your Honor.

14          THE COURT:  Have you discussed with Mr. Goldman the

15    consequences of pleading guilty?

16          THE DEFENDANT:  (In English) Yes, your Honor.

17          THE COURT:  Are you satisfied with the advice that you

18    have received from Mr. Goldman?

19          THE DEFENDANT:  (In English) Yes, your Honor.

20          THE COURT:  Do you have any questions about the charge

21    against you or about the consequences of entering a plea of

22    guilty?

23          THE DEFENDANT:  (In English) No, your Honor.

24          THE COURT:  Do you need any further time to talk to

25    Mr. Goldman before we proceed?

LAF1ZULP

1          THE DEFENDANT:  (In English) No, your Honor.

2          THE COURT:  All right.  On the basis of Mr. Zulueta's

3    responses to my questions and my observations of his demeanor,

4    I do find that he's fully competent to enter an informed plea

5    at this time.

6          Now, Mr. Zulueta, before I get to the plea itself, I

7    want to make sure you understand the rights you would be giving

8    up by waiving indictment in this case.  The document that

9    contains the charges to which you've told me you wish to plead

10   guilty is called an information.  It's been issued by the

11   United States Attorney for the Southern District of New York.

12   You have a constitutional right to be charged by an indictment

13   rather than an information.  An indictment is a charge issued

14   by a grand jury.  Do you understand this?

15         THE DEFENDANT:  (In English) Yes, your Honor.

16         THE COURT:  And have you discussed the difference

17   between an information and an indictment with Mr. Goldman?

18         THE DEFENDANT:  (In English) Yes, your Honor.

19         THE COURT:  Do you understand that if you do not waive

20   indictment and the government wants to prosecute you on the

21   facts and the charges that are in the information, it would

22   have to present that case to a grand jury, which might or might

23   not indict you on the charges?

24         THE DEFENDANT:  (In English) Yes, your Honor.

25         THE COURT:  Do you understand that you're under no

LAF1ZULP

1    obligation to waive indictment?

2              THE DEFENDANT:  (In English) Yes, your Honor.

3              THE COURT:  I have a document that's been provided to

4    me that reads:  "The above-named defendant," and it names you,

5    "who is accused of one count of violating Title 21 United

6    States Code Section 331 and 333 and Title 18 United States Code

7    Section 2, being advised of the nature of the charges and of

8    his rights, hereby waives, in open court and via

9    videoconference, prosecution by indictment and consents that

10   the proceeding may be by information instead of indictment."

11   Do you have a copy of this document in front of you?

12             THE DEFENDANT:  (In English) Yes, your Honor.

13             THE COURT:  Is that your signature on the document,

14   Mr. Zulueta?

15             THE DEFENDANT:  (In English) Yes, your Honor.

16             THE COURT:  All right.  Let me ask you, Mr. Goldman,

17   is that your signature?

18             MR. GOLDMAN:  Yes, your Honor.

19             THE COURT:  All right.  The document is not dated.

20   When did you sign this document?

21             THE DEFENDANT:  (In English) Oh.

22             MR. GOLDMAN:  I think we received it the past --

23   within the past two days, your Honor.  That's my recollection.

24             THE COURT:  Well, did you sign it yesterday or did you

25   sign it the day before, Mr. Goldman?

LAF1ZULP

1          MR. GOLDMAN:  Well, your Honor, I -- I signed it the
2     day I returned it to -- the day I returned it to the
3     prosecutor.
4          THE COURT:  All right.  Let me just confirm now,
5     Mr. Zulueta, do you in fact affirm what is written on this
6     document and your signature?  Is it your intention today --
7          THE DEFENDANT:  (In English) Yes, your Honor.
8          THE COURT:  -- to hereby waive, in open court and via
9     videoconference, prosecution by indictment, and do you consent
10    that the proceeding be by information instead of indictment?
11         THE DEFENDANT:  (In English) Yes, your Honor.
12         THE COURT:  All right.  May I insert today's date on
13    this document, Mr. Goldman?
14         MR. GOLDMAN:  Yes, your Honor.  Thank you.
15         THE COURT:  All right.  I'll date this October 15, and
16    this will be filed on the docket in this case.
17         Now, Mr. Zulueta, do you realize that by signing this
18    waiver of indictment, you've given up your right to have the
19    case presented to a grand jury?
20         THE DEFENDANT:  (In English) Yes, your Honor.
21         THE COURT:  Do you understand what a grand jury is?
22         THE DEFENDANT:  (In English) Yes, your Honor.
23         THE COURT:  Do you understand that a grand jury
24    consists of 23 people, at least 16 of whom must be present in
25    order to conduct business and that you cannot --

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  -- be charged unless at least 12 of those

3    people vote for indictment?

4          THE DEFENDANT:  (In English) Yes, your Honor.

5          THE COURT:  Did anyone make any threats or any

6    promises to you to get you to waive indictment in this case?

7          THE DEFENDANT:  (In English) No, your Honor.

8          THE COURT:  Have you seen a copy of the superseding

9    information that contains the charges against you?

10          THE DEFENDANT:  (In English) Yes, your Honor.

11          THE COURT:  Have you read this superseding

12    information?

13          THE DEFENDANT:  (In English) Yes, your Honor.

14          THE COURT:  Did you discuss it with your attorney,

15    Mr. Goldman?

16          THE DEFENDANT:  (In English) I read, I discussed it

17    with my lawyer, yes, your Honor.

18          THE COURT:  And did you discuss the charges against

19    you and any defenses to those charges?

20          THE DEFENDANT:  (In English) Yes, your Honor.

21          THE COURT:  Do you understand the charges against you

22    that are laid out in this information?

23          THE DEFENDANT:  (In English) Yes, your Honor.

24          THE COURT:  All right.  I can read the superseding

25    information out loud now, if you would like me to do so, or you

LAF1ZULP

1    could waive its reading.  Would you like me to read the

2    information to you or do you waive public reading?

3              THE DEFENDANT:  (In English) No, your Honor.  I waive

4    the reading.

5              THE COURT:  You waive reading.

6              THE DEFENDANT:  (In English) Yes, your Honor.

7              THE COURT:  All right.  I do find that Mr. Zulueta's

8    waiver of indictment in this case is knowing and voluntary.  It

9    is accepted, and the superseding information will be filed in

10   this case.

11             Now, Mr. Zulueta, before I accept your plea, I want to

12   ask you some additional questions, sir.  My questions are

13   intended to satisfy me that you wish to plead guilty because

14   you are in fact guilty and that you fully understand your

15   rights and the consequences of your plea.

16             I'm now going to describe to you certain rights that

17   you have under the Constitution and the laws of the United

18   States.  You will be giving up these rights if you enter a plea

19   of guilty.  Please listen very carefully, and if you do not

20   understand something, please stop me and, as I said before,

21   either I or your lawyer can describe it to you more fully or

22   you can consult in private with Mr. Goldman if you wish.  All

23   right?

24             THE DEFENDANT:  (In English) Yes, your Honor.

25             THE COURT:  All right.  Mr. Zulueta, under the

LAF1ZULP

1   Constitution and laws of the United States, you have a right to

2   a speedy and a public trial by a jury on the charges against

3   you.

4           (Audio interruption)

5           THE COURT:  We're hearing background noise from

6   someone.  Could everyone please mute their lines other than

7   Mr. Zulueta.

8           All right.  Thank you.

9           I'm sorry, sir.  Under the Constitution and laws of

10  the United States, you have a right to a speedy and a public

11  trial by a jury on the charges against you contained in the

12  information.  Do you understand that?

13          THE DEFENDANT:  (In English) Yes, your Honor.

14          THE COURT:  Do you understand that you have a right to

15  plead not guilty and to continue to plead not guilty to the

16  charge?

17          THE DEFENDANT:  (In English) Yes, your Honor.

18          THE COURT:  Do you understand that if there were a

19  trial, you would be presumed innocent and the government would

20  be required to prove you guilty by competent evidence and

21  beyond a reasonable doubt?  Do you understand that?

22          THE DEFENDANT:  (In English) Yes, your Honor.  Yes,

23  your Honor.

24          THE COURT:  You would not have to prove at trial that

25  you were innocent.  Do you understand that?

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  Do you understand that if there were a

3     trial, a jury made up of 12 people selected from this district,

4     the Southern District of New York, would have to unanimously

5     agree in order to find you guilty?  Do you understand that?

6          THE DEFENDANT:  (In English) Yes, your Honor.

7          THE COURT:  And do you understand that if there were a

8     trial, you would have the right to be represented by an

9     attorney during that trial and at all other stages of the

10    proceeding, and if you could not afford one, an attorney would

11    be provided to you free of cost?  Do you understand that?

12         THE DEFENDANT:  (In English) Yes, your Honor.

13         THE COURT:  And do you understand that if there were a

14    trial, you would have a right to see and to hear all of the

15    witnesses against you, your attorney could cross-examine them,

16    you would have the right to have your attorney object to the

17    government's evidence and to offer evidence on your behalf if

18    you so desired, you would have the right to have witnesses

19    required to come to court to testify in your defense, and you

20    would have the right to testify yourself, but you would not be

21    required to testify?  Do you understand that?

22         THE DEFENDANT:  (In English) Yes, your Honor.

23         THE COURT:  Do you understand that if there were --

24    I'm sorry, sir?

25         THE DEFENDANT:  (In English) Nothing.

LAF1ZULP

1        THE COURT:  Do you understand that if there were a

2    trial and you decided not to testify, no adverse inference

3    could be drawn against you based on your decision not to

4    testify?  And by that, I mean the jury would be instructed that

5    it cannot assume that you didn't testify because you were

6    guilty or because you're hiding something.  Do you understand

7    that?

8        THE DEFENDANT:  (In English) Yes, your Honor.

9        THE COURT:  And do you understand that if you were

10   convicted at trial, you would have the right to appeal the jury

11   verdict?

12       THE DEFENDANT:  (In English) Yes, your Honor.

13       THE COURT:  Do you understand each and every one of

14   these rights, Mr. Zulueta?

15       THE DEFENDANT:  (In English) Yes, your Honor.

16       THE COURT:  Do you have any questions about the rights

17   I've just outlined for you?

18       THE DEFENDANT:  (In English) No, your Honor.

19       THE COURT:  All right.  Do you understand that by

20   entering a plea of guilty, you will be giving up each and every

21   one of these rights, you'll be waiving these rights?

22       THE DEFENDANT:  (In English) Yes, your Honor.

23       THE COURT:  And do you also understand that you'll be

24   waiving any possible claim that your constitutional rights may

25   have been violated and you will have no trial?

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  Do you understand that?  And do you

3    understand that by entering a plea of guilty, you will also

4    have to give up your right not to incriminate yourself because

5    in a few moments I will ask you questions about what you did in

6    order to satisfy myself that you are guilty as charged and you

7    will have to admit and acknowledge your guilt?  Do you

8    understand that?

9          THE DEFENDANT:  (In English) Yes, your Honor.

10         THE COURT:  Do you understand that you can change your

11   mind right now and refuse to enter a plea of guilty?

12         THE DEFENDANT:  (In English) Yes, your Honor.

13         THE COURT:  Do you understand you do not have to enter

14   this plea if for any reason you do not want to do so?  Do you

15   understand that?

16         THE DEFENDANT:  (In English) Yes, your Honor.

17         THE COURT:  All right.  Mr. Zulueta, you're charged in

18   Count One of the superseding information with drug misbranding

19   and adulteration, in violation of 21 United States Code

20   Section 331 and 333(a)(2).

21         Ms. Mortazavi, would you please state the elements of

22   the offense with which Mr. Zulueta has been charged in Count

23   One of the information.

24         MS. MORTAZAVI:  Certainly, your Honor.

25         If this case were to proceed to trial, the government

LAF1ZULP

1  would have to prove the following elements beyond a reasonable

2  doubt:

3           First, that the defendant adulterated or misbranded a

4  drug in at least one way, or caused another to do the same;

5           Second, that the drug was in interstate commerce or

6  was introduced into interstate commerce; and

7           Third, that the defendant had the intent to defraud or

8  mislead.

9           And finally, the government would have to prove venue

10  by a preponderance of the evidence.

11           THE COURT:  Thank you.

12           Mr. Zulueta, do you understand that if you were to go

13  to trial, the government would have to prove each and every

14  part or element of the charge against you that Ms. Mortazavi

15  has just laid out, and she'd have to prove that beyond a

16  reasonable doubt at trial if you did not plead guilty?  Do you

17  understand that?

18           THE DEFENDANT:  (In English) Yes, your Honor.

19           THE COURT:  Do you understand the matters the

20  government would have to prove if you did not plead guilty?

21           THE DEFENDANT:  (In English) Yes, your Honor.

22           THE COURT:  All right.  Mr. Zulueta, I want to talk to

23  you about the consequences of entering the plea you've told me

24  you wish to enter.

25           Do you understand that the maximum possible term of

LAF1ZULP

1    imprisonment for the offense in Count One to which you tell me

2    you wish to plead guilty is a term of imprisonment of three

3    years?

4                THE DEFENDANT:  (In English) Yes, your Honor.

5                THE COURT:  And do you understand that Count One can

6    also include a term of supervised release, the maximum term of

7    which is one year?

8                THE DEFENDANT:  (In English) Yes, your Honor.

9                THE COURT:  And do you understand that in addition to

10   these restrictions on your liberty, the maximum possible

11   punishment for Count One also includes certain financial

12   penalties?  Do you understand that?

13               THE DEFENDANT:  (In English) Yes, your Honor.

14               THE COURT:  And do you understand that the maximum

15   fine allowed under the statute is $10,000 or twice the gross

16   pecuniary gain relating to the charge or the offense or twice

17   the loss to persons other than yourself as a result of the

18   offense, whichever is greater?  Do you understand that?

19               THE DEFENDANT:  (In English) Yes, your Honor.

20               THE COURT:  And do you understand that there is also a

21   mandatory $100 special assessment for each count?

22               THE DEFENDANT:  (In English) Yes, your Honor.

23               THE COURT:  Do you understand that the superseding

24   information also contains forfeiture allegations and as part of

25   your sentence, you will be required to forfeit to the United

1    States any and all drugs that were adulterated or misbranded as

2    part of the crime to which you are intending to plead guilty,

3    or a sum of money representing the value of such property?  Do

4    you understand that?

5              THE DEFENDANT:  (In English) Yes, your Honor.

6              THE COURT:  All right.  Let me pause for a moment and

7    ask Ms. Mortazavi and Mr. Goldman, is there a preliminary

8    consent order of forfeiture?

9              MS. MORTAZAVI:  There is, your Honor.

10             THE COURT:  All right.  And has it been provided to

11   the Court?

12             MS. MORTAZAVI:  I understood that it had been.  If it

13   has not, your Honor, I apologize, and we can provide a copy.

14   The amount is laid out in the plea agreement --

15             THE COURT:  Yes.

16             MS. MORTAZAVI:  -- and it would mirror that.

17             THE COURT:  Yes.  So we'll talk about the amount in a

18   moment.

19             But Mr. Goldman, do you have a copy of that order?

20             Not right now.  Have you received a copy of the

21   proposed consent order?

22             MR. GOLDMAN:  Oh, yes.  Yes, your Honor.

23             THE COURT:  And did you review it with Mr. Zulueta?

24             MR. GOLDMAN:  Yes, your Honor.

25             THE COURT:  And in fact, is there consent to the

1    proposed forfeiture order?

2              MR. GOLDMAN:  There is, your Honor.

3              THE COURT:  Okay.  All right.  So the parties will

4    please provide that to the Court after today's proceeding, and

5    we'll get that entered as part of the record.

6              All right.  Mr. Zulueta, I now want to talk to you a

7    bit about the supervised release aspect of any potential

8    penalty for the charge to which you intend to plead guilty, and

9    I want to make sure that you understand what supervised release

10   is.

11             Supervised release means that you would be subject to

12   monitoring when you are released from any prison term that's

13   imposed.  During that period of supervised release, certain

14   terms and conditions would be imposed, and if you violate any

15   of those set terms and conditions, you can be reimprisoned

16   without a jury trial.  Do you understand that?

17             THE DEFENDANT:  (In English) Yes, your Honor.

18             THE COURT:  And do you understand that if you were on

19   supervised release and do not comply with any of the set terms

20   and conditions, you can be returned to prison for up to one

21   year, and you will be given no credit for any time you spent in

22   prison as a result of your sentence or any time that you had

23   spent on supervised release prior to the violation?  Do you

24   understand that?

25             THE DEFENDANT:  (In English) Yes, your Honor.

LAF1ZULP

1          THE COURT:  You should also understand, Mr. Zulueta,

2     that there is no parole in the federal system.  If you are

3     sentenced to prison, you will not be released early on parole,

4     although there is a limited opportunity to earn credit for good

5     behavior, but you would have to serve at least 85 percent of

6     the time to which you were sentenced.  Do you understand that?

7          THE DEFENDANT:  (In English) Yes, your Honor.

8          THE COURT:  Do you further understand that if I accept

9     your guilty plea and adjudge you guilty, that adjudication may

10    deprive you of certain valuable civil rights, such as the right

11    to vote, the right to hold public office, the right to serve on

12    a jury, and the right to possess any kind of firearm, if you

13    currently have or could otherwise attain these rights?  Do you

14    understand that?

15         THE DEFENDANT:  (In English) Yes, your Honor.

16         THE COURT:  All right.  And do you understand, sir,

17    that if it turns out -- you've told me that you are a United

18    States citizen.  Do you understand that if you are not and that

19    in any event, as a result of your plea, if I accept that plea

20    and adjudge you guilty, there could be adverse effects on your

21    immigration status, including, if it turns out you're not a

22    citizen, further detention following completion of your

23    sentence and/or removal or deportation from the United States?

24    Did you discuss your immigration status with Mr. Goldman and

25    any possible immigration consequences of your plea?

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  And are you satisfied with the advice that

3     you've received in that regard?

4          THE DEFENDANT:  (In English) Yes, your Honor.

5          THE COURT:  All right.  Mr. Zulueta, do you understand

6     that under the current law, there are sentencing guidelines

7     that judges must consider in determining your sentence?

8          THE DEFENDANT:  (In English) Yes, your Honor.

9          THE COURT:  And have you spoken with Mr. Goldman about

10    the sentencing guidelines?

11         THE DEFENDANT:  (In English) Yes, your Honor.

12         THE COURT:  And do you understand that in addition to

13    the sentencing guidelines, in imposing a sentence, I must

14    consider various additional factors that are contained in a

15    statute, 18 United States Code Section 3553(a)?  Do you

16    understand that?

17         THE DEFENDANT:  (In English) Yes, your Honor.

18         THE COURT:  Has Mr. Goldman discussed those 3553(a)

19    factors with you?

20         THE DEFENDANT:  (In English) Yes, your Honor.

21         THE COURT:  All right.  And do you understand that the

22    Court has discretion, while taking the guidelines into account,

23    to sentence you to any period of imprisonment up to three years

24    if you plead guilty to the charge in the superseding

25    information?

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  Do you understand that even though the

3   plea agreement includes a stipulated or agreed sentencing

4   guidelines calculation, the Court will not be able to determine

5   your sentence until after a presentence report is completed by

6   the probation department and you and the government will each

7   have the chance to challenge any of the facts reported by the

8   probation office?  Do you understand that?

9          THE DEFENDANT:  (In English) Yes, your Honor.

10          THE COURT:  All right.  Now give me one moment.

11          All right.  According to the plea agreement with which

12   I've been provided, you have agreed that the guidelines range

13   appropriate to the offense in Count One to which you are

14   pleading guilty is 30 to 37 months in prison and that the

15   applicable fine range for this case is $10,000 to $100,000.  Is

16   that your understanding?

17          THE DEFENDANT:  (In English) Yes, your Honor.

18          THE COURT:  All right.  Do you understand that that

19   stipulation does not bind the Court or the probation department

20   as to the facts on which it is based, how to apply the

21   guidelines to the facts, or what will be an appropriate

22   sentence in your case?  Do you understand that?

23          THE DEFENDANT:  (In English) Yes, your Honor.

24          THE COURT:  And do you understand that I may decide to

25   impose a sentence outside the guidelines range?

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  Do you understand that if your lawyer or

3    anyone else has attempted to estimate or predict for you what

4    your sentence will be, that estimate or prediction could well

5    be wrong?

6          THE DEFENDANT:  (In English) Yes, your Honor.

7          THE COURT:  Do you understand that no one -- not your

8    attorney, not the government's attorney -- can nor should give

9    you any assurance about what your sentence will be since that

10   sentence cannot be determined until after the probation office

11   report is completed and I've ruled on any challenges to the

12   report and determined what the appropriate sentence is?  Do you

13   understand that?

14         THE DEFENDANT:  (In English) Yes, your Honor.

15         THE COURT:  Do you also fully understand that even if

16   your sentence is different from what your attorney or anyone

17   else told you it might be, or if it's different from what you

18   expect or hope it might be, or if you're surprised or

19   disappointed by your sentence, if I accept your plea of guilty

20   today, you will be bound to your guilty plea and you will not

21   be allowed to withdraw your plea of guilty?

22         THE DEFENDANT:  (In English) Yes, your Honor.

23         THE COURT:  Do you understand that?

24         THE DEFENDANT:  (In English) Yes, your Honor.

25         THE COURT:  Do you understand that even if the

LAF1ZULP

```
1    government does not oppose or take a position on what your
2    lawyer asks me to impose as your sentence, I am obligated to
3    impose whatever sentence I believe is appropriate under the
4    circumstances and the applicable law and you will have no right
5    to withdraw your plea of guilty after today?  Do you understand
6    that?
7             THE DEFENDANT:  (In English) Yes, your Honor.
8             THE COURT:  And do you understand that you may have
9    the right to appeal your sentence under certain circumstances,
10   even if your plea agreement provides that you're waiving your
11   right to appeal?  Do you understand that?
12            THE DEFENDANT:  (In English) Yes, your Honor.
13            THE COURT:  All right.  Mr. Zulueta, are you currently
14   serving any federal or state sentence?
15            THE DEFENDANT:  (In English) No, your Honor.
16            THE COURT:  Are you subject to prosecution for any
17   other crime aside from the one we're discussing today?
18            THE DEFENDANT:  (In English) No, your Honor.
19            THE COURT:  All right.  As I say, I've been given a
20   copy of the plea agreement that we've marked as Exhibit 1.  Do
21   you have a copy of that, Mr. Zulueta?
22            THE DEFENDANT:  (In English) Yes, your Honor.
23            THE COURT:  All right.  Would you please look at the
24   last page of this document, sir.  Is that your signature on
25   page 6 --
```

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  -- below "Agreed and consented to"?

3          THE DEFENDANT:  (In English) Yes, your Honor, yes.

4          THE COURT:  All right.  Did you discuss this document

5    with your lawyer before you signed it?

6          THE DEFENDANT:  (In English) Yes, your Honor.

7          THE COURT:  Did you read it carefully before you

8    signed it?

9          THE DEFENDANT:  (In English) I read it, and I signed

10   it, your Honor.

11         THE COURT:  And did you have a full opportunity to

12   obtain whatever advice you wished or ask any questions to

13   Mr. Goldman before you signed this document?

14         THE DEFENDANT:  (In English) Yes, your Honor.

15         THE COURT:  Did he explain to you all of its terms and

16   conditions?

17         THE DEFENDANT:  (In English) Yes, your Honor.

18         THE COURT:  And did you fully understand the agreement

19   before you signed it?

20         THE DEFENDANT:  (In English) Yes, your Honor.

21         THE COURT:  All right.  Do you understand,

22   Mr. Zulueta, as part of this agreement, it provides that you

23   will forfeit $47,525 to the United States, representing the

24   value of forfeitable property that you obtained as a result of

25   the offense to which you intend to plead guilty?

LAF1ZULP

1          THE DEFENDANT:  (In English) Yes, your Honor.

2          THE COURT:  And that is the amount that will be

3    reflected, Ms. Mortazavi, in the consent order, correct?

4          MS. MORTAZAVI:  That's correct, your Honor.

5          THE COURT:  And that's your understanding,

6    Mr. Zulueta, correct?

7          THE DEFENDANT:  (In English) Yes, your Honor.

8          THE COURT:  All right.  And do you understand that

9    your plea agreement provides on page 4 that you're giving up or

10   waiving your right to appeal or to litigate or to challenge

11   your sentence, under a statute called Title 28 United States

12   Code Section 2255 or 2241, if I sentence you within or below

13   the guidelines range set forth in the plea agreement?  Do you

14   understand that?

15         THE DEFENDANT:  (In English) Yes, your Honor.

16         THE COURT:  And do you understand that you're under no

17   obligation to waive your right to appeal or to litigate your

18   sentence?

19         THE DEFENDANT:  (In English) Yes, your Honor.

20         THE COURT:  And do you understand that the plea

21   agreement further provides, on page 4, that you're waiving any

22   right to appeal or attack your conviction on the basis that the

23   government has not provided discovery material, exculpatory

24   material, except information establishing factual innocence, or

25   any material to impeach the government's witnesses against you?

LAF1ZULP

1      Do you understand that?

2                    THE DEFENDANT:  (In English) Yes, your Honor.

3                    THE COURT:  Do you understand that you're under no

4      obligation to waive those rights?

5                    THE DEFENDANT:  (In English) Yes, your Honor.

6                    THE COURT:  Do you understand that you're waiving any

7      right to claim that your constitutional rights have been

8      violated?

9                    THE DEFENDANT:  (In English) Yes, your Honor.

10                   THE COURT:  All right.  In that connection, I note,

11     Mr. Goldman, that Mr. Zulueta has I believe joined in motions

12     by some of the co-defendants, specifically Ms. Garcia, to

13     suppress certain evidence obtained from a wiretap.  That motion

14     is docketed at ECF Entry No. 445 and 446.  If the Court accepts

15     Mr. Zulueta's plea today, is it your intention to withdraw his

16     joinder in the motion to suppress evidence?

17                   MR. GOLDMAN:  It is, your Honor.

18                   THE COURT:  All right.  Is that motion withdrawn at

19     this time?

20                   MR. GOLDMAN:  It is withdrawn, your Honor, and I've

21     discussed that with my client.

22                   THE COURT:  All right.  Mr. Zulueta, do you understand

23     what I just was asking Mr. Goldman and in fact do you consent

24     to the withdrawal of your motion to suppress evidence?

25                   THE DEFENDANT:  (In English) Yes, your Honor.

LAF1ZULP

1          THE COURT:  All right.  Do you understand that your

2   agreement, the plea agreement that we've been talking about,

3   further provides on page 3 that you will not move for a

4   downward departure under the sentencing guidelines or seek any

5   adjustment under the guidelines that is not described in the

6   plea agreement, but you can make arguments for a lower sentence

7   under the general sentencing statute that I mentioned to you

8   earlier, Section 3553(a), that contains a number of factors for

9   my consideration?  Do you understand that?

10         THE DEFENDANT:  (In English) Yes, your Honor.

11         THE COURT:  And do you understand you're under no

12  obligation to enter into any such agreement?

13         THE DEFENDANT:  (In English) Yes, your Honor.

14         THE COURT:  Do you understand that your plea agreement

15  provides on page 4 that you're waiving any challenge to your

16  guilty plea, conviction, or sentence based on any immigration

17  consequences of your plea, regardless of any advice that you

18  may have received regarding immigration consequences?

19         THE DEFENDANT:  (In English) Yes, your Honor.

20         THE COURT:  Do you understand that you're under no

21  obligation to make this waiver?

22         THE DEFENDANT:  (In English) Yes, your Honor.

23         THE COURT:  Does this agreement, the plea agreement

24  we've been discussing, reflect accurately your complete and

25  total understanding of the entire agreement between the

LAF1ZULP

1    government, you, and your attorney?

2              THE DEFENDANT:  (In English) Yes, your Honor.

3              THE COURT:  Is everything you understand about your

4    plea and sentence covered in this agreement?

5              THE DEFENDANT:  (In English) Yes, your Honor.

6              THE COURT:  Is there anything that's been left out?

7              THE DEFENDANT:  (In English) No, your Honor.

8              THE COURT:  Apart from what's contained in this plea

9    agreement, have any promises been made to you in order to get

10   you to plead guilty?

11             THE DEFENDANT:  (In English) No, your Honor.

12             THE COURT:  Have any threats been made to get you to

13   plead guilty?

14             THE DEFENDANT:  (In English) No, your Honor.

15             THE COURT:  Have you been coerced in any way to enter

16   into this plea agreement?

17             THE DEFENDANT:  (In English) No, your Honor.

18             THE COURT:  Are you doing so of your own free will?

19             THE DEFENDANT:  (In English) Yes, your Honor.

20             THE COURT:  All right.  Knowing all that we've just

21   discussed, Mr. Zulueta, do you still wish to plead guilty

22   pursuant to this plea agreement?

23             THE DEFENDANT:  (In English) Yes, your Honor.

24             THE COURT:  All right.  Mr. Goldman, do you know of

25   any valid reason why your client would prevail at trial or why

LAF1ZULP

1    your client should not be permitted to plead guilty?

2              MR. GOLDMAN:  No, your Honor.

3              THE COURT:  All right.  Mr. Zulueta, I told you

4    earlier that you would need to waive your right not to

5    incriminate yourself because I need you to tell me -- I need to

6    be satisfied that you are in fact guilty as charged, so at this

7    point I'd like you to please tell me in your own words what it

8    is that you did that makes you guilty of the crime to which

9    you're entering a plea of guilty.  You need to tell me when you

10   did it, with whom you did it, where you did it, and what

11   exactly you did that makes you guilty of the charge in Count

12   One of misbranding and adulterating drugs.

13             THE DEFENDANT:  (In English) I'm going to speak on my

14   word.  I bought a medicine, misbranded, misbranded medicine,

15   from Ross Cohen.

16             THE COURT:  From?  I'm sorry?

17             THE DEFENDANT:  (In English) I bought a misbranded

18   medication from Ross Cohen.

19             MR. GOLDMAN:  Ross Cohen, a co-defendant, your Honor.

20             THE COURT:  Oh, thank you.

21             All right.  Go ahead, Mr. Zulueta.  Thank you.  I'm

22   sorry.

23             THE DEFENDANT:  (In English) I give it --

24             (Reporter interrupted for clarification)

25             THE DEFENDANT:  (In English) I give it to my horses to

LAF1ZULP

1    perform in training.

2            THE COURT:  You gave it to your horses to perform in

3    training?

4            THE DEFENDANT:  Yes, to perform in training.  I can't

5    say exactly specific a day I give it, but I did it.

6            THE COURT:  All right.  What general time frame?  If

7    you can't tell me the specific day, can you tell me generally

8    in what time frame did you do this?

9            THE DEFENDANT:  (In English) I tried to give it like

10   at one time -- one time a month.

11           THE COURT:  Starting when, generally?

12           THE DEFENDANT:  (In English) Two thousand -- 2019,

13   when I met Ross Cohen.

14           THE COURT:  2019?  I didn't hear the rest.

15           THE DEFENDANT:  (In English) When I met -- when I met

16   Ross Cohen.

17           THE COURT:  When you met Ross Cohen.  Yes.

18           THE DEFENDANT:  (In English) Yes.

19           THE COURT:  And how long did you continue to do that?

20   You said once a month.  For how long?  Did you do that until

21   the time you were arrested?

22           THE DEFENDANT:  (In English) Well, not at the time I'm

23   arrested because I realized that what I buy, it -- I don't see

24   my horses perform or get better.  I don't see no result.  So

25   no, the time I got arrested, like at the last two or three

LAF1ZULP

1   months before I got arrested, I don't use it anymore.

2            THE COURT:  All right.  The information says that from

3   in at least 2019 through at least in and around March of 2020.

4   Is that accurate?

5            THE DEFENDANT:  (In English) That's correct, your

6   Honor.  That's correct.

7            THE COURT:  All right.  And you say that you didn't

8   see results in your horses, but you intended for these drugs to

9   cause your horses to perform better, right?

10           THE DEFENDANT:  (In English) Yes, your Honor.  Yes,

11  your Honor.  100 percent, yes.

12           THE COURT:  All right.  And were you intending that

13  the use of these misbranded drugs could not be detected by drug

14  regulators or horse officials?

15           THE DEFENDANT:  (In English) Yes, your Honor.

16           THE COURT:  So you were intending to deceive or

17  defraud the racing officials or the drug regulators, correct?

18           THE DEFENDANT:  (In English) Yes, your Honor.

19           THE COURT:  All right.  And you said you gave these

20  drugs to your horses, right?  Horses you were training?

21           THE DEFENDANT:  (In English) Yes, your Honor.

22           THE COURT:  Where did you do that?

23           THE DEFENDANT:  (In English) Where?

24           MR. GOLDMAN:  Where.

25           THE DEFENDANT:  (In English) Where I got my horses, in

LAF1ZULP

1  the barn.

2           THE COURT:  No, but where is your barn?

3           THE DEFENDANT:  (In English) Philadelphia Park.

4           THE COURT:  I'm sorry?

5           THE DEFENDANT:  (In English) Philadelphia Park.

6           THE COURT:  Philadelphia Park?

7           THE DEFENDANT:  (In English) Yes, yes, your Honor.

8           THE COURT:  And you say you got these drugs from Ross

9  Cohen?

10          THE DEFENDANT:  (In English) Yes, your Honor.

11          THE COURT:  Where is he located?  Where did you get

12 the drugs, physically, like what location?

13          THE DEFENDANT:  (In English) He sent it to me.  He

14 send it to me.

15          THE COURT:  Okay.  And where is he located?

16          THE DEFENDANT:  (In English) In New York.

17          THE COURT:  He's in New York.  Okay.  And so he sent

18 them from New York to you in Philadelphia.

19          THE DEFENDANT:  (In English) Yes, your Honor.

20          THE COURT:  So in other words, the drugs traveled in

21 interstate commerce --

22          THE DEFENDANT:  (In English) Yes, your Honor.

23          THE COURT:  -- to get them to you.

24          THE DEFENDANT:  (In English) Yes, your Honor.

25          THE COURT:  All right.  Mr. Zulueta, at the time you

LAF1ZULP

1    did what you've just described to me and what we've been

2    discussing, did you know that what you were doing was wrong and

3    illegal?

4            THE DEFENDANT:  (In English) Yes, your Honor.  Yeah,

5    I'm prepared to pay for the mistake I make.

6            THE COURT:  All right.  Ms. Mortazavi, is there

7    anything further factually that you wish me to address with

8    Mr. Zulueta in connection with his allocution?

9            MS. MORTAZAVI:  Your Honor, I would just proffer that

10   Ross Cohen is not a veterinarian and that these drugs did not

11   appear to be either prescribed or FDA approved.

12           THE COURT:  Mr. Zulueta, to your knowledge is what

13   Ms. Mortazavi has just represented accurate?  You did not

14   understand Mr. Cohen to be a veterinarian, did you?

15           THE DEFENDANT:  (In English) Yes, your Honor.

16           THE COURT:  Yes, you did think he was a veterinarian,

17   or yes, that's correct, you knew he was not a veterinarian?

18           THE DEFENDANT:  (In English) No, no, no, no, no, no,

19   he was not a veterinarian.  Veterinarian.

20           THE COURT:  He was not a veterinarian.  All right.

21   And did you understand then that when you gave these drugs --

22   you told me the drugs were misbranded, right?

23           THE DEFENDANT:  (In English) Yes, your Honor.

24           THE COURT:  All right.  When you gave these misbranded

25   drugs to your horses, you didn't have a prescription to do

LAF1ZULP

1   that?

2          THE DEFENDANT:  (In English) Yes, your Honor.

3          THE COURT:  Yes, that's correct, you mean, right?

4          THE DEFENDANT:  (In English) No, no, no, no.  I don't

5   have prescription.  I'm sorry.  I misunderstand.

6          THE COURT:  Yes, you don't have a prescription and

7   yes, what I said is correct, right?

8          THE DEFENDANT:  (In English) Yes.

9          THE COURT:  All right.  And did you yourself give the

10  drugs to the horses?  You administered the drugs?

11         THE DEFENDANT:  (In English) Yes, your Honor.

12         THE COURT:  All right.  Anything further,

13  Ms. Mortazavi?

14         THE DEFENDANT:  (In English) Nothing further.  Thank

15  you, your Honor.

16         THE COURT:  All right.  Thank you.

17         Mr. Goldman, is there anything further that you

18  believe I should discuss with Mr. Zulueta in connection with

19  his allocution?

20         MR. GOLDMAN:  No, your Honor.

21         THE COURT:  All right.  Ms. Mortazavi, would you

22  please summarize the evidence that the government would present

23  against Mr. Zulueta if the case were to go to trial.

24         MS. MORTAZAVI:  Yes, your Honor.

25         If this case were to proceed to trial, we would

LAF1ZULP

introduce, among other pieces of evidence, intercepted phone

calls of Mr. Zulueta discussing with Jorge Navarro obtaining

and transferring performance-enhancing drugs, drugs that were

not approved by the FDA, not manufactured in registered

facilities, and not properly labeled, including a blood-builder

drug called "monkey" that was intended to have the same effect

as Epigen; these calls would also include discussions between

Mr. Zulueta and Mr. Navarro regarding methods for doping

horses, including drenching horses, and the effect of certain

performance-enhancing drugs on horses; it would also include

text messages retrieved from cellphone searches in which

Mr. Zulueta placed orders for performance-enhancing drugs to be

shipped interstate, as he himself indicated today, including

orders for the blood-builder drug called "monkey"; we would

have records of the races in which Mr. Zulueta entered horses,

records of those races and records reflecting his occupation

and licensure as a racehorse trainer; it would also include lay

and law enforcement testimony regarding certain of the drugs

that Mr. Zulueta discussed on these calls and in these text

messages, the fact that these drugs were not approved by the

FDA, that they were not labeled, that they were distributed

without valid prescriptions or any prescription at all; and

they would also include controlled purchases of some of the

drugs that Mr. Zulueta used and which the jury would be able to

inspect the bottles and determine for themselves the improper

LAF1ZULP

1    labeling.

2        THE COURT:  All right.  Thank you.

3        Mr. Zulueta, now that we've talked about your plea

4    agreement and the possible penalties of the crime to which

5    you're pleading guilty, we can turn to entry of a plea, if

6    you're prepared to do so.  Are you, sir?

7        THE DEFENDANT:  (In English) Yes, your Honor.

8        THE COURT:  All right.  So Mr. Zulueta, how do you

9    plead to Count One of the superseding information charging you

10    with drug misbranding and adulteration?

11        THE DEFENDANT:  (In English) Guilty.

12        THE COURT:  And that's drug misbranding and

13    adulteration with the intent to deceive or defraud, correct?

14        THE DEFENDANT:  (In English) Yes, your Honor.

15        THE COURT:  Your plea is guilty?

16        THE DEFENDANT:  (In English) Yes, your Honor.

17        THE COURT:  And are you pleading guilty because you

18    are in fact guilty?

19        THE DEFENDANT:  (In English) Yes, your Honor.

20        THE COURT:  Are you pleading guilty voluntarily?

21        THE DEFENDANT:  (In English) Yes, your Honor.

22        THE COURT:  You're doing so of your own free will?

23        THE DEFENDANT:  (In English) Yes, your Honor.

24        THE COURT:  And has anyone threatened you, coerced

25    you, made promises to you in order to induce you to plead

LAF1ZULP

1    guilty?

2            THE DEFENDANT:  (In English) No, your Honor.

3            THE COURT:  All right.  Mr. Goldman, are there any

4    other questions that you believe I should ask Mr. Zulueta in

5    connection with his plea?

6            MR. GOLDMAN:  No, your Honor.

7            THE COURT:  All right.  Ms. Mortazavi, any other

8    questions you believe I should ask in connection with

9    Mr. Zulueta's plea?

10           MS. MORTAZAVI:  No, your Honor.

11           THE COURT:  All right.  Thank you.

12           Mr. Zulueta, you have acknowledged that you are in

13   fact guilty as charged in Count One of the superseding

14   information.  Because I am satisfied that you know your rights,

15   including your right to go to trial, and you are waiving them

16   voluntarily, and you're aware of and understand the

17   consequences of your plea, including the sentence that may be

18   imposed, I find that your plea is entered knowingly and

19   voluntarily and is supported by an independent basis in fact

20   containing each of the essential elements of the offense.  I

21   accept your plea of guilty and I enter a judgment of guilty on

22   Count One of the superseding information charging you with drug

23   adulteration and misbranding with intent to defraud or mislead.

24           Now, Mr. Zulueta, I now want to talk to you about the

25   process going forward.  I mentioned to you earlier that the

LAF1ZULP

1    probation office needs to prepare a report, so that is the next

2    step in the process.  The probation officers prepare that

3    report in order to assist me in determining what an appropriate

4    sentence will be.  You need to be interviewed by the probation

5    office.  I want to just remind you, it's very important that

6    the information you give to the probation office be truthful

7    and it be accurate.  That report is very important to me in

8    deciding what your sentence will be.

9            Now when you're interviewed, you have a right to have

10   your lawyer present.  You and your lawyer will have a right to

11   review the report when it's prepared in draft form.  You'll

12   have an opportunity to discuss it, examine it, to challenge it,

13   to comment upon it, if you wish to do so, and then the

14   probation office will consider your comments, along with any

15   comments or objections by the government, and revise the report

16   if appropriate.  You will have the right to challenge the final

17   version of that report when it's submitted to me, and before I

18   sentence you, you will have the right to speak on your own

19   behalf.  Okay?

20           THE DEFENDANT:  (In English) Yes, your Honor.

21           THE COURT:  Now, Mr. Goldman, I assume that you wish

22   to be present at any interview of Mr. Zulueta; is that correct?

23           MR. GOLDMAN:  That's correct, your Honor.

24           THE COURT:  All right.  Is there any reason why I

25   should not direct that a presentence report be prepared at this

LAF1ZULP

1    time?  Ms. Mortazavi?

2              MR. GOLDMAN:  No, your Honor.

3              THE COURT:  Hold on, Mr. Goldman.

4              MS. MORTAZAVI:  No, your Honor.  No reason.

5              THE COURT:  All right.  Mr. Goldman?

6              MR. GOLDMAN:  No, your Honor.

7              THE COURT:  All right.  And you've told me you do wish

8    to be present for the interview, right, sir?

9              MR. GOLDMAN:  That's correct, your Honor.

10             THE COURT:  All right.  So I order that no interview

11   be conducted unless counsel is present.

12             I would ask you, Mr. Goldman, to please reach out to

13   the probation office and arrange for the interview to take

14   place in the next 14 days.

15             Ms. Mortazavi, I just remind you of the need to

16   provide to the probation office the statement of facts within

17   the next 14 days as well.

18             MS. MORTAZAVI:  Yes, your Honor.

19             THE COURT:  All right.  And once the report is

20   generated in draft format, obviously, counsel, I just remind

21   you to timely give any comments or objections to the probation

22   office.  Courtesy copies should be provided to chambers.

23             In terms of a date for sentencing, we are looking

24   roughly into February of 2022.  Just one moment.  We're

25   checking our calendar.

LAF1ZULP

| | |
|---|---|
| 1 | 10 a.m. on February 24. Does that work for people? |
| 2 | MR. GOLDMAN: Could I have one moment, your Honor? |
| 3 | THE COURT: Yes. |
| 4 | MR. GOLDMAN: I'd actually prefer -- give me a second. |
| 5 | I have to -- |
| 6 | THE COURT: I just note for you all that that is |
| 7 | Presidents Week. I don't know if that impacts anybody's |
| 8 | availability. |
| 9 | MS. MORTAZAVI: That timing should be fine for the |
| 10 | government, your Honor. |
| 11 | THE COURT: Thank you. |
| 12 | MR. GOLDMAN: If I could just have a moment, your |
| 13 | Honor. |
| 14 | THE COURT: I can't hear you, Mr. Goldman. |
| 15 | MR. GOLDMAN: If I may just have a moment, your Honor. |
| 16 | I'm scrolling down. |
| 17 | THE COURT: Yes, of course. Yes. |
| 18 | MR. GOLDMAN: That would be great, your Honor. |
| 19 | THE COURT: All right. February 24th at 10 a.m.? |
| 20 | MR. GOLDMAN: Yes, your Honor. |
| 21 | THE COURT: All right. Then Mr. Zulueta, before we |
| 22 | conclude, I just remind you again that it's very important that |
| 23 | you be truthful with the probation office and cooperate in the |
| 24 | process of preparation of the report. Any failure to be |
| 25 | truthful with the probation office, or with the Court, |

LAF1ZULP

```
1    obviously, could have an adverse effect on your sentence, and

2    it could also subject you to separate prosecution.

3    Specifically, the Court reserves the right to deny you the

4    2-level reduction in your sentencing guideline calculation for

5    acceptance of responsibility if you don't cooperate fully with

6    the probation office in connection with preparation of that

7    presentence report.  All right?  And then --

8              THE DEFENDANT:  (In English) Yes, your Honor.

9              THE COURT:  -- finally, Mr. Goldman, for the record,

10   well, you've already told me that you do withdraw the motion to

11   suppress, so the Court will deem it withdrawn at this point.

12             Is there anything further for the record, Mr. Goldman?

13             MR. GOLDMAN:  No, your Honor.  Thank you.

14             THE COURT:  All right.  Ms. Mortazavi?

15             MS. MORTAZAVI:  Nothing further.  Thank you, your

16   Honor.

17             THE COURT:  Thank you.  I thank our court reporter

18   very much as well, and I wish everyone a good rest of the day.

19             Mr. Zulueta, good luck to you, and as I said, please

20   cooperate fully with the probation office.

21             THE DEFENDANT:  (In English) Thank you, your Honor.

22   Yes.

23             MR. GOLDMAN:  Thank you, your Honor.  Have a nice day.

24             THE COURT:  Thank you.  You as well.

25             MS. MORTAZAVI:  Thank you, your Honor.
                              o0o
```